IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Calvin P. Ferguson, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 2:05-2393-HMH |
| | ) | |
| vs. | ) | **OPINION AND ORDER** |
| | ) | |
| Jo Anne Barnhart, Commissioner of | ) | |
| Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on a motion for attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"). See 28 U.S.C. § 2412(a), (d) (West 1994 & Supp. 2006). Calvin P. Ferguson ("Ferguson") seeks attorney's fees for services rendered in the above-captioned social security action in the amount of Six Thousand Nine Hundred Twenty-five Dollars ($6,925.00) (calculated at $125.00 per hour times 55.4 attorney hours). The Commissioner objects to the request for attorney's fees.

"A party who prevails in litigation against the United States is entitled to EAJA attorneys' fees upon timely petition for them if the government's position was not substantially justified and no special circumstances make an award unjust." Thompson v. Sullivan, 980 F.2d 280, 281 (4th Cir. 1992) (internal quotation marks omitted). "[T]he test of whether or not a government action is substantially justified is essentially one of reasonableness. In order to defeat an award, the government must show that its case had a reasonable basis both in law and fact." Smith v. Heckler, 739 F.2d 144, 146 (4th Cir. 1984) (internal quotation marks omitted). "Substantially justified" means "justified in substance or in the main–that is, justified to a

1

degree that could satisfy a reasonable person." Pierce v. Underwood, 487 U.S. 552, 565 (1988) (internal quotation marks omitted). "To be substantially justified means, of course, more than merely undeserving of sanctions for frivolousness; that is assuredly not the standard for Government litigation of which a reasonable person would approve." Id. at 566 (internal quotation marks omitted).

Ferguson argues that he is entitled to attorney's fees pursuant to the EAJA because the Commissioner was not substantially justified in her position. Ferguson claims that the Commissioner's position was not substantially justified because the Administrative Law Judge's ("ALJ") "decision fail[ed] to follow the mandates of the Regulations and Social Security Rulings by failing to provide a complete narrative as to his evaluation and consideration all of [sic] Mr. Ferguson's medical conditions and impairment[s] in arriving at" Ferguson's residual functional capacity. (Pl.'s Reply 3-4.) In response, the Commissioner objects to an award of attorney's fees, arguing that her position was substantially justified.

After a review of the record, the court finds that the Commissioner's position was substantially justified. Because the Commissioner's position was substantially justified, the court denies Ferguson's motion for attorney's fees pursuant to the EAJA.

Therefore, it is

**ORDERED** that Ferguson's motion for attorney's fees, docket number 13, is denied.

**IT IS SO ORDERED**.

s/Henry M. Herlong, Jr.
United States District Judge

Greenville, South Carolina
June 26, 2006