IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

Calvin P. Ferguson,                )
                                   )
       Plaintiff,            )    C.A. No. 2:05-2393-HMH
                                   )
    vs.                          )    **OPINION & ORDER**
                                   )
Michael J. Astrue, Commissioner of the )
Social Security Administration,    )
                                   )
       Defendant.            )

      This matter is before the court on a motion for attorney's fees pursuant to 42 U.S.C. § 406(b)(2003). Anne Bell Fant ("Fant"), counsel for Calvin Ferguson ("Ferguson"), seeks attorney's fees for services rendered in the above-captioned Social Security action in the amount of Thirty-six Thousand Four Hundred Forty-four Dollars and Sixty-three Cents ($36,444.63). Ferguson was awarded $97,202.52 in past-due benefits. Ferguson's minor children, Shaniqua Ferguson and Calvetta Peay, were each awarded $24,288 in back benefits. The requested fee is 25% of the past-due benefits awarded Ferguson and his minor children. The Commissioner objects to the request for attorney's fees arguing that Fant only spent 55.4 hours in attorney time while the case was pending in this court and the requested attorney's fee amounts to a windfall. Based upon a review of the petition and the factors to be considered in awarding attorney's fees in a Social Security case,[1] the court finds that an award of $36,444.63 is not reasonable. See

---

[1] Courts have considered the following factors in awarding attorney's fees: "(1) novelty of questions and skill required, (2) customary fees, (3) contingency of fee, (4) nature and length of professional relationship, and (5) amount involved and results obtained." Craig v. Sec'y, Dep't of Health and Human Servs., 864 F.2d 324, 326 (4th Cir. 1989), abrogated on other grounds by Gisbrecht v. Barnhart, 535 U.S. 789 (2002).

1

Gisbrecht v. Barnhart, 535 U.S. 789, 807 (2002) ("[Section] 406(b) calls for court review of [contingency-fee agreements] as an independent check, to assure that they yield reasonable results in particular cases.").

Fant alleges that she spent 90.2 hours in attorney time while this case was pending in this court. However, in Fant's EAJA motion, her time sheet indicates that she expended 55.4 hours in attorney time while the case was pending in this court.

The court has reviewed Fant's time sheet, contingency agreement and record in this case. After considering the factors set forth in Craig and under the particular facts of this case, the court finds that $20,000 is a reasonable fee. Fant achieved a successful result for Ferguson without any unreasonable delay. Moreover, in light of Fant's specialized skill in Social Security disability cases, a fee of $20,000, does not amount to a windfall. Cf. Brown v. Barnhart, 270 F. Supp. 2d 769, 772-73 (W.D. Va. 2003).

Therefore, it is

**ORDERED** that Fant is awarded attorney's fees in the amount of Twenty Thousand Dollars ($20,000).

**IT IS SO ORDERED**.

                                                          s/Henry M. Herlong, Jr.
                                                          United States District Judge

Greenville, South Carolina
December 6, 2007